Rose Colitz, et al.
vs.
Sally Preiss, et al., App'ts.
}No. 88785.

January 23, 1934.

POULIOT, J. The motion before the Court is for a new trial after a jury verdict for the plaintiffs for the sum of $75.00.

The controversy is over the payment of rent for a store in property of the plaintiffs located in Woonsocket and claimed to be occupied by the defendants.

The evidence presented a square conflict in the testimony for the jury to determine.

The preponderance of the evidence with reference to occupancy was in favor of the plaintiffs in so far as the month of February, 1932, is concerned.

The evidence as to the balance of the period, as claimed by the plaintiffs, is debatable. Evidently, the jury understood the Court's instruction on the burden of proof, as its verdict was for $75, the rent for the month of February, and disregarded the plaintiffs' claim for an additional $18.75.

The verdict does substantial justice between the parties and has the Court's approval.

Defendants' motion for new trial denied.

For plaintiff: Sigmund W. Fischer.

For defendant: Francis J. O'Brien.

Mary T. Robert
vs.
Emma Johnson, App't.
}No. 90 274.

January 23, 1934.

POULIOT, J. This cause is before the Court on defendant's motion for a new trial after a jury returned a verdict for the plaintiff for $601.62.

The plaintiff's claim is that in April, 1931, she and her children went to live with the defendant, her aunt, on a farm in Seekonk; that during a period of about a year living there, she loaned her aunt a total of $756.36 and that, when she left, the sum of $567 was still owing, after the deduction of certain credits.

The defendant denies she borrowed any money from her niece. She denies receiving certain specific sums, and says that the other amounts she received were for the purpose of buying, at the plaintiff's request, chickens, shelters, and other materials for a chicken business conducted by the plaintiff's husband.

The plaintiff points out certain loans which she claims were made to pay certain specific obligations. Receipts produced by the defendant show these obligations to have been paid on substantially all the dates claimed by the plaintiff. The defendant's explanation of this coincidence is that the plaintiff was informed of the date these obligations became due and used that information to bring suit against her as a matter of spite.

The whole controversy was submitted to the jury and it evidently believed the plaintiff's claim deserved more consideration than the defendant's explanation.

There is ample credible evidence to support the verdict, evidence which, if believed, strongly preponderates in favor of the plaintiff.

The damages are the amount of the plaintiff's claim, plus interest, and are not excessive.

Defendant's motion for a new trial denied.

For plaintiff: Thomas P. Corcoran-Mangan.

For defendant: William A. Gunning.